**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED PARCEL SERVICE, INC., Respondent.**

No. 81–1070.

United States Court of Appeals, Sixth Circuit.

May 10, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, Peter Winkler, N. L. R. B., Washington, D. C., for petitioner.

W. Bruce Baird, Matthew R. Westfall, Baird, Kirven, Westfall & Talbott, Louisville, Ky., James D. Crawford, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for respondent.

Before ENGEL, Circuit Judge, PHILLIPS, Senior Circuit Judge, and DUMBAULD,* District Judge.

---

* Honorable Edward Dumbauld, Senior Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

ORDER

This matter is before the court upon cross-petitions for enforcement and review, respectively, of an order issued September 30, 1980, by the National Labor Relations Board against United Parcel Service, Inc., and reported at 252 NLRB No. 145. At issue is whether the company violated Sections 8(a)(3) and (1) of the National Labor Relations Act by issuing a final warning and then discharging one Robert Bowlds, purportedly because of repeated violations of the company's rules with respect to over-extension of permissible breaks by Bowlds, who was a feeder-driver at the U.P.S. Owensboro, Kentucky facility. The employee claimed that the Company's stated reasons were pretextual, and the Administrative Law Judge found the Company's actions to have been motivated in substantial part by Bowlds' protected activity in certain union and employee organizations.

Upon a consideration of the record as a whole, the court is of the opinion that substantial evidence supports the finding of the Board that the excessive surveillance of Bowlds and the decision to discharge him were in retaliation for Bowlds' exercise of rights protected under the Act. The court is also of the opinion that under the particular circumstances of this case the Board did not depart from the standards of its decision in *Spielberg Manufacturing Company*, 112 NLRB 1080 (1955), in proceeding to hear Bowlds' grievance even though it had earlier been the subject of arbitration proceedings under the existing Collective Bargaining Agreement. Accordingly,

The order of the Board is enforced.